THE SUPREME LODGE KNIGHTS AND LADIES OF HONOR

*v.*

JULIA PORTINGALL *et al.*

*Filed at Ottawa May 11, 1897.*

PARTIES—*administrator of deceased beneficiary need not be joined in suit by survivors on insurance certificate.*   Upon the death of one of the beneficiaries named in an insurance certificate the surviving beneficiaries may bring an action on the certificate without joining the administrator of the deceased beneficiary.

*Knights of Honor* v. *Portingall,* 64 Ill. App. 283, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

ASHCRAFT, GORDON & COX, for appellant.

FRANCIS T. COLBY, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of assumpsit, brought by Julia Portingall and George W. Portingall, minors, by their next friend, upon a beneficiary certificate for $1000 issued to

their mother, Julia Portingall. By the certificate the money was payable to the three children of the assured, —that is, to the plaintiffs and another, John S. Portingall, since deceased. The mother died October 26, 1889, and John S. Portingall died August 22, 1892, at the age of sixteen years. The declaration alleged that his funeral expenses had been paid, that he owed no debts, that no administrator of his estate had been appointed, and that the plaintiffs were his only heirs-at-law. In other respects it was in the ordinary form of such a pleading. The defendant abode by its demurrer, which had been overruled by the court, and judgment was rendered for the plaintiffs. The Appellate Court has affirmed the judgment.

The only point insisted upon by appellant in this court is, that the two surviving beneficiaries, suing alone, can not recover, but that the administrator of the deceased beneficiary should have been joined as plaintiff. This defense is without merit. It is elementary law that "when one or more of several obligees, covenantees, partners or others having a joint legal interest in the contract, dies, the action must be brought in the name of the survivors, and the executor or administrator must not be joined." (1 Chitty's Pl. *19; 7 Am. & Eng. Ency. of Law, 263, 361, notes; *Vandenheuval* v. *Storrs*, 3 Conn. 203.) The rule has often been stated by this court as applied to defendants. *Eggleston* v. *Buck*, 31 Ill. 254; *Cummings* v. *People*, 50 id. 132; *Stevens* v. *Catlin*, 152 id. 56.

It is immaterial to the right of recovery in this action whether the administrator of the deceased beneficiary, if one were appointed, could recover from the others or not.

No error has been committed, and the judgment of the Appellate Court is affirmed.          *Judgment affirmed.*