WALTER LEGIER *v.* WILLIAM DEVENEAU.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Exceptions to Refusal of Court to Charge Must Show Request Relied On—Exceptions Too General—Landlord and Tenant —Occupation of Premises After Acts Justifying Abandonment as Waiver of Defense of Constructive Eviction—Exception for Failure to Charge Must Point Out Omission Complained of—Error Favorable to Excepting Party Not Ground for Reversal—Supreme Court Bound by Record.*

1. Exceptions to refusal of court to charge as requested are unavailing to the excepting party, where the record fails to show requests relied on.

2. In an action of contract for the recovery of rent, an exception to

the failure of the court to charge "respecting the law concerning constructive eviction," is too general to require attention.

3. In such action, to constitute constructive eviction a defense thereof, actual abandonment of premises by the tenant, with surrender of possession thereof, must accompany the circumstances justifying it, for if the tenant makes no surrender of possession after the commission of acts which would justify him in leaving, he will be deemed to have waived his right to abandon the premises.

4. An exception "to the failure of the court to instruct the jury respecting the law concerning novation," not pointing out the particular omission complained of, cannot be made the basis of reversible error.

5. In an action of contract, where plaintiff's letter, plainly an offer of compromise, was offered by the defendant as evidence of the amount due and excluded on plaintiff's objection that it was a proposition of settlement, but was subsequently admitted when such objection was withdrawn, the defendant had no just ground of complaint of the court's instructions, explaining the effect of the letter both as an offer of compromise and if considered as a declaration of the amount of plaintiff's claim, for this permitted the jury to treat it as evidence in defendant's favor.

6. On review in Supreme Court, where the transcript is referred to and made controlling as to exceptions taken to the admission of evidence, and the record shows that certain testimony, the admission of which the defendant claims as error, was introduced without seasonable objection and exception, the defendant cannot show an error in the transcript in this respect, for, if in fact there is such an error, application should have been made to the trial court to have the record corrected, the Supreme Court being bound by the record submitted.

ACTION OF CONTRACT. Plea, general issue. Trial by jury in Montpelier city court, *Fred L. Laird*, City Judge, presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Gelsi Monti* for the defendant.

*M. A. Campbell* for the plaintiff.

Taylor, J.    [1]   The action is contract for the recovery of
rent and other items embraced in plaintiff's specification.   The
trial was by jury with verdict and judgment for the plaintiff.
The defendant argues among others numerous exceptions to the
refusal of the court to charge as requested.   These exceptions
avail the defendant nothing, for the record wholly fails to show
the requests relied upon.   *Swerdferger* v. *Hopkins,* 67 Vt. 136,
148, 31 Atl. 153; *Niles* v. *Central Vermont Ry. Co.,* 87 Vt. 356,
89 Atl. 629.

[2, 3]   The defendant excepted to the failure of the court
to charge "respecting the law concerning constructive eviction."
The exception is too general to require attention; but, if noticed,
it should be held that the case did not call for a charge on the
subject of constructive eviction as a defense to the action for
rent.   The defendant remained in possession of the leased
premises to the end of the term.   If the acts complained of
would have justified the defendant in leaving the premises, which
we do not decide, they alone will not support a plea of eviction
against the action for rent.   Actual abandonment must accom-
pany the circumstances justifying it.   If the tenant makes no
surrender of the possession, but continues to occupy after the
commission of the acts which would justify him in leaving, he
will be deemed to have waived his right to abandon, and cannot
sustain a plea of eviction by showing such circumstances. There
cannot be a constructive eviction without a surrender of posses-
sion.   It would be unjust to permit the tenant to remain in pos-
session and escape the payment of rent by pleading a state of
facts which, though conferring a right to abandon, had been
unaccompanied by the exercise of that right.   *Leiferman* v.
*Osten,* 167 Ill. 93, 47 N. E. 203, 39 L. R. A. 156; *Keating* v.
*Springer,* 146 Ill. 481, 34 N. E. 805, 22 L. R. A. 544, 37 A. S. R.
175; *Warren* v. *Wagner,* 75 Ala. 188, 51 A. R. 446; *DeWitt* v.
*Pierson,* 112 Mass. 8, 17 A. R. 58; *Scott* v. *Simons,* 54 N. H. 426;
*Boreel* v. *Lawton,* 90 N. Y. 293, 43 A. R. 170; *Weinstein* v. *Bar-*
*rasso,* 139 Tenn. 593, 202 S. W. 920, L. R. A. 1918D, 1174; 16
R. C. L. 949, § 457.   See *Alger* v. *Kennedy,* 49 Vt. 109, 24 A. R.
117; *McCall* v. *New York Life Ins. Co.,* 201 Mass. 223, 87 N. E.
582, 21 L. R. A. (N. S.) 38.

[4]   One item of the plaintiff's specification was a charge
for a tire and inner tube sold to one Boudreau.   The plaintiff's
evidence tended to show that the defendant rented the plaintiff's

garage for three months to use as a paint shop.   Boudreau was working for the defendant as a painter.   He had previously purchased the tire and tube in question of the plaintiff.   At the time the lease of the garage was arranged the plaintiff, the defendant, and Boudreau were present; and it was agreed among the parties that the defendant would pay the plaintiff for Boudreau, whereupon the tire and tube were charged to the defendant, and sometime later the plaintiff credited the same amount on Boudreau's account.   The charge respecting this item of the specification was not excepted to.   The defendant excepted "to the failure of the court to instruct the jury respecting the law concerning novation."   The exception does not point out the particular omission complained of and cannot be made the basis of reversible error.   *Hambleton* v. *U. Aja Granite Co.,* 96 Vt. 199, 118 Atl. 878; *Morgan* v. *Gould,* 96 Vt. 275, 119 Atl. 517.

[5]   The defendant offered in evidence a letter from plaintiff's attorney containing an offer of terms of settlement, claiming that it was evidence of the amount due.   The letter was objected to and excluded on the ground that it was a proposition of settlement.   Upon defendant's asking for an exception, plaintiff's counsel withdrew the objection and the letter was received in evidence.   The defendant's claim was that the letter stood as an admission by the plaintiff of the amount of his claim.   The circumstances attending the sending of the letter were developed. In the course of the charge, after explaining the difference between the effect of the letter intended as an offer of compromise and its effect if considered as a declaration of the amount of plaintiff's claim, the jury were told to give the letter such consideration as on all the evidence it was entitled to.   The defendant excepted to the charge "respecting the admissibility and construction" of this letter, and now briefs the claim that it was the duty of the court to construe it.   The defendant has no just ground of complaint respecting this matter.   The letter was plainly an offer of compromise and, as such, was improperly in the case; but the jury were permitted to treat it as evidence in the defendant's favor.

[6]   The defendant argues error in admitting certain testimony regarding a settlement between the plaintiff and defendant.   The record shows that the questioned testimony was introduced without seasonable objection and exception.   The defendant claims that this is due to an error in the transcript.

The record before us refers to the transcript for exceptions taken to the admission of evidence and makes the same controlling. If in fact there is such an error as the defendant claims, application should have been made to the trial court to have the record corrected. This Court is bound by the record submitted. *Wilson* v. *Barrows*, 96 Vt. 344, 119 Atl. 422; *Halloran* v. *New England Tel. & Tel. Co.*, 95 Vt. 273, 115 Atl. 143, 18 A. L. R. 554.

*Judgment affirmed.*