Carl B. Brownell et als. *v.* Burlington Fed. Sav. & Loan Assn.

(63 A2d 862)

January Term, 1949.

Present: Sherburne, Jeffords and Cleary, JJ., and Adams, Supr. J.

Opinion filed February 1, 1949.

*Cowles & Cowles* for the defendant.

*Black & Wilson* for the plaintiffs.

Sherburne, J. This is a petition for a declaratory judgment to construe a lease. It appears from the findings of the county court that the plaintiffs are the owners of the so-called Brownell-Hawley Block in Burlington. In 1937 the plaintiffs' predecessors in title entered into a lease of a portion of this block with the Burlington Building and Loan Association. The habendum of the lease provides for a term of ten years, with the right of the tenant to extend the term for a further term of ten years, provided a certain notice is given of its election to so extend the term. The landlords

covenant that the tenant may occupy the leased premises during the term of the lease and any extended period thereof, and that the tenant may, at its own expense, alter or reconstruct the front of the main first floor as it deems suitable for the business carried on. The tenant covenants to pay a stated rent, and, in case it exercises its right to extend the term, that the rent for the extended period shall be agreed upon between landlords and tenant, and, in case they do not agree, a "fair rental" shall be determined and fixed by arbitrators, who "shall determine and fix the fair rental value of the leased property during such extended period." The tenant also covenants to surrender the premises "at the end of said term of ten years, or at the end of any extended period of said term, in as good condition as they are at the time of completion of alterations, ordinary wear and damage by fire or providential causes alone excepted." There is also a provision for the removal of trade fixtures at the end of the occupancy, "but that all improvements made, electric light fixtures, floor coverings such as linoleum, etc., and all other fixtures of any nature which may be attached to and become a part of the premises herein leased, shall be and remain the property of the landlords upon the expiration or other termination of this lease." The findings further show that the original tenant has transferred its rights under the lease to the defendant, and that the defendant has extended the lease for ten years by giving the required notice; that the parties have failed to agree upon the rent that shall be paid for the extended term, and have agreed to submit the matter to arbitrators as provided in the lease. With the knowledge and consent of the plaintiffs the original tenant made extensive improvements, which have enhanced the value of the leased premises. Finding No. 4 states that these improvements were annexed to, and adapted to the use of the building, and were attached with the intention that they should be a permanent accession to the freehold.

The petition prays that the court render a declaratory judgment directing that the arbitrators in fixing a fair rental during such extended term consider the present value of the premises without deduction for improvements made by the defendant and its predecessor. The judgment was that the improvements became the property of the plaintiffs as of the time of installation, subject only to the leasehold rights of the defendant, and that, in fixing the fair. rental value of the premises during the extension, that value should

be determined on the basis of the value of the real estate as it stands with the improvements thereon at the time of the commencement of the extended term, and not on the basis of the value of said real estate less the value of said improvements. The defendant has excepted to each part of the judgment.

We agree with the defendant that the lease provides for an extension of the term, as distinguished from a renewal of the lease. This makes the term originally, not merely ten years, but twenty years, at the option of the defendant, and so when it gave the required notice of its election to extend the term, it was in as of the original term. *Quinn* v. *Valiquette,* 80 Vt 434, 442, 68 A 515, 14 LNS 962; *Colodney* v. *American Clothing Co. Inc.,* 107 Vt 321, 325, 178 A 714. So far as the rights of the parties are concerned after the required notice was given, they are no different than if the term had been for twenty years with a provision of a readjustment of the rent at the end of the first ten years.

The defendant here raises the question of the ownership of the improvements during the term of the lease. It did not except to finding 4, and in its reply brief concedes that the plaintiffs have a reversionary interest in the improvements. It contends that by the terms of the lease the improvements do not become the property of the plaintiffs until the end of the extended term. However, under the terms of the lease which we have mentioned there can be no question that the improvements when made or attached became a part of the portion of the block which was leased.

As stated in 32 Am Jur., Landlord and Tenant, § 76, an authority cited by the defendant, "The estate of a landlord during the existence of the outstanding leasehold estate is called the reversion, and during the existence of the lease the tenant is the absolute owner of the demised premises for all practical purposes for the term granted, the landlord's rights being confined to his reversionary interest." In this sense, under the terms of the lease, the defendant, as tenant, is the owner of the improvements only to the extent that it is the owner of the leased premises, and the plaintiffs, as soon as the improvements were made, had the same interest in them as in the leased premises. Or, as stated in the judgment order, the improvements became the property of the plaintiffs as of the time of installation, subject only to the leasehold rights of the defendant. In other words, the plaintiffs had a reversionary interest in the improvements as soon as installed.

Under the terms of the lease the arbitrators are to determine and fix the fair rental value of the leased property during the extended term. The improvements, which were largely structural, had been made and attached early in the first ten year term, and had become a part of the leased premises. It necessarily follows that the fair rental value should be determined upon the basis of the value of the leased property as it stands with the improvements thereon at the time of the commencement of the extended term.

█ The defendant stresses the claimed injustice of the plaintiffs' claim, and suggests certain rules of construction on the assumption that the lease is ambiguous and uncertain. We find the language clear and unambiguous. Where the terms of a writing, whatever its character, are plain and unambiguous, there is no room for construction, and it is to be given effect according to its language. *In re Robinson's Will*, 101 Vt 464, 467, 144 A 457, 75 ALR 59; *In re Beach Estate*, 112 Vt 333, 335, 24 A2d 340.

We find no error. *Judgment affirmed.*