# Johnson & Dix, Inc. v. Burlington Mutual Fire Insurance Co.

[194 A.2d 401]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed October 2, 1963

*Parker & Ainsworth* for the plaintiff.

*A. Pearley Feen* for the defendant.

**Barney, J.** The defendant contests only the amount of the judgment in favor of the plaintiff. The matter was decided by the trial court, sitting without a jury, on the basis of stipulated facts. The sole issue relates to the effect of a written, unsealed modification of a sealed instrument under which the plaintiff leased certain premises for a filling station. The station and contents were totally destroyed by fire on January 1, 1961. The defendant, as insurer, became obligated to indemnify the loss in accordance with its policy issued to the plaintiff.

This policy provided that certain betterments, if not repaired or replaced, should be compensated for on the basis of "that proportion of the original cost of the damaged or destroyed improvements and betterments which the unexpired term of the lease bears to the period(s) from the date(s) such improvements and betterments were made to the expiration date of the lease." Another term of the policy provided that "The word 'Lease' wherever used in this policy shall

mean the lease or rental agreement, whether written or oral; in effect as of the time of loss." Total destruction of the improvements and betterments left as the sole controverted issue the date of expiration of the lease, as a matter of law. If the expiration date is 1965, as the defendant contends, the judgment should be in the principal amount of $1,988.65. If, as the court below determined, the expiration date is 1975, the judgment amount rendered is proper.

The dispute as to the expiration date comes about from the manner by which occupancy beyond the original term of the lease under seal was granted. On October 30, 1945, the owner of the Adnabrown Hotel premises in Springfield, Vermont, leased a part of them for a filling station to the plaintiff's predecessor. This lease was a written instrument under seal with a term running until November 1, 1955. One of the provisions of this lease permitted its assignment, provided the consent of the owner was given in writing. On March 26, 1949, this lease was assigned in proper form to the plaintiff. When the owner gave his written permission of the assignment, he included a statement consenting to several new provisions not in the sealed lease, as well as consenting to several alterations of the provisions of the original lease. One term provided, "That the Lessee shall have an option to extend the within lease for two successive periods of ten years, a total of twenty years." Unlike the original lease, the new provisions gave the lessee permission to sublet all of the rented premises; gave the lessee the right to make certain physical alterations of the building's exterior and make a new entrance; and also altered the description of the leased premises to include the use of an additional entrance way. This written consent was signed by the owner but not sealed.

■ There is a doctrine in our law which holds that a lease under seal can be amended by a subsequent parol agreement only to the extent that the parol term has been acted upon and become executed. *Colodny* v. *American Clothing Co., Inc.*, 107 Vt. 321, 324, 178 Atl. 714. The defendant argues that this case is a similar attempt at modification and ought to be held valid only to the extent of the first ten-year extension, of which five years had passed at the time of the fire.

■ The difficulty with the defendant's position is that a modification of a lease under seal is not the authority under which the

plaintiff occupied as tenant at the time of the loss. The written consent given by the owner in reality amounts to a new unsealed agreement to allow occupancy of the premises, after the term of the sealed lease ran out, to continue on certain terms, some new, and some adopted from the sealed lease. The original lease had no extension or renewal provisions and a new rental agreement took effect when the plaintiff continued in occupancy after the expiration of the term of the sealed lease. See *Briggs* v. *Vt. Cen. R.R. Co.*, 31 Vt. 211, 213. From that point forward the only lease involved was the written unsealed instrument signed by the owner in connection with his consent to the assignment. The fire occurred after the new arrangement had taken effect. Under the terms of the insurance policy, so long as there was a valid rental agreement within the provisions of the policy, the defendant was bound to honor it.

As the defendant concedes, the unsealed agreement provides for an extension for a further ten years at the option of the lessee, rather than a renewal. *Brownell* v. *Burlington Fed. Savings & Loan Assn.*, 115 Vt. 455, 457, 63 A.2d 862, 6 A.L.R.2d 444. With the right to the additional term entirely in the hands of the plaintiff, it had an insurable interest in the full twenty-year term, and a right to be indemnified therefor according to the undertaking of the defendant. See *In re Reynold's Estate*, 94 Vt. 149, 156, 109 Atl. 60.

*Judgment affirmed.*