IN RE ESTATE OF JOSEPH PICK, INCOMPETENT. WILLARD W. BURNEY, GUARDIAN OF JOSEPH PICK, INCOMPETENT, APPELLEE, v. FRANK A. PICK, SR., ET AL., APPELLANTS.

186 N. W. 2d 919

Filed May 14, 1971. No. 37737.

Olds & Reed, for appellants.

Paul Robinson and Addison & Addison, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

WHITE, C. J.

This is an action by a guardian in the district court for authority to execute a renewal extension of an existing mortgage and to pay the interest on it. The issues involved are: First, whether the conditions inserted in a deed to the ward were void because of imposing an illegal restraint on alienation, and second, may the guardian execute a renewal mortgage increasing the indebtedness on the ward's property to include the past interest due under the provisions of section 30-1201, R. R. S. 1943. The district court found that the deed and the mortgage based thereon were valid and that the guardian was authorized to execute a renewal extension of the mortgage for a period of 5 years. We affirm the judgment of the district court.

On May 15, 1924, Ottillia Pick deeded a fee simple interest in the land involved herein in Cedar County, Nebraska, to her son, (Frank) Joseph Pick, the ward herein. The first essential question involved in this case is the construction and interpretation of the following restriction contained in the deed: "Provided, however, that (Frank) Joseph Pick, the grantee herein, shall not have the right or power to sell or mortgage or in any way encumber the above described land and premises, excepting and provided he shall first secure the written consent of his brothers, Louis Pick, William Pick, John Pick and Frank A. Pick, or such of said brothers as may survive so to do."

At the institution of this action, (Frank) Joseph Pick, the ward herein, was a bachelor of advanced years. Beginning in 1961, several guardians were appointed for Joseph, the most recent one being Willard W. Burney, the appellee herein. On February 28, 1971, while the action was pending in this court, Joseph died and Wil-

lard W. Burney was appointed special administrator of his estate and continues as the appellee in this action.

On January 27, 1970, the appellee filed his petition in the district court alleging that his ward, Joseph Pick, was the owner of the land described in the 1924 deed containing the condition above described. The land was encumbered by a $21,620.63 mortgage dated December 21, 1959, wherein William H. Pick was the mortgagee. This mortgage was assigned on January 3, 1970, to William H. Pick, Jr., and Wilma C. Pick, as joint tenants with right of survivorship. On December 23, 1965, this mortgage was renewed in the sum of $27,200 by the then guardian of Joseph Pick, said mortgage being executed and renewed pursuant to an order of the county court of Cedar County, Nebraska. Neither of these two mortgages was obtained with the consent of any of Joseph's brothers as was required by the condition of the original deed as recited herein. The issue arose here because of the appellee Willard W. Burney's petition in the district court stating that there were insufficient funds in Joseph's estate to redeem or release the mortgages and requested that a new or extension mortgage be executed to encroach the past due interest on the previous one.

It is undisputed that the consent of the brothers of Joseph Pick was not secured in the execution of the deed or mortgage. It is the contention of the appellants that the deeds and mortgages are therefore invalid. This presents the issue of whether the restriction by way of condition on Joseph Pick on mortgaging or selling the property is valid. It is first observed that the restriction on alienation in this case, as distinguished from the restriction by way of conditional limitation in Cast v. National Bank of Commerce T. & S. Assn., on rehearing, 186 Neb. 385, 183 N. W. 2d 485, is a direct restraint against the grantee to convey or mortgage in any manner without securing the consent of the named persons, the named persons not having any interest in the property itself. The deed purported and did grant an abso-

lute fee simple interest to the grantee, Joseph Pick. We have no difficulty in coming to the conclusion that this direct restraint on alienation was illegal, invalid, and against the public policy of the State of Nebraska. We will not repeat herein the extensive discussion of the reasoning behind and the public policy of the State of Nebraska forbidding illegal and unreasonable restraints against alienation. A full discussion of this will be found in the opinion in Cast v. National Bank of Commerce T. & S. Assn., *supra,* recently decided by this court. Our fundamental holdings therein as to the principles involved in illegal restraint and alienation govern this case. We are not required to pass upon any distinctions between conditions, condition limitations, or indirect restraints. The restraint here is directly on Joseph Pick and forbids him to do anything with reference to alienating the property unless the consent is secured of his brothers who have no interest in the property, by the very terms of the deed itself. Where a grantor or testator grants or devises a fee simple title, he is not permitted to fetter the title that he created with inconsequential and unreasonable conditions otherwise valid. The conveyance of real estate is of such importance to the state that one will not be permitted to become whimsical and unreasonable *after creating an estate recognized by the law,* such as an estate in fee simple, by attaching conditions repugnant to the estate created. Cast v. National Bank of Commerce T. & S. Assn., *supra;* Andrews v. Hall, 156 Neb. 817, 58 N. W. 2d 201; Watson v. Dalton, on rehearing, 146 Neb. 86, 20 N. W. 2d 610.

The grantor in this case specifically gave Joseph Pick a fee simple interest in the land. She then attempted to unreasonably limit the grantee's right to deed or encumber the property by requiring him to obtain his brothers' consent. In other words, a testator or grantor may not create a vested fee simple estate and at the same time forbid its alienation. This is because the con-

ditions which restrict alienation are repugnant to the very estate that the grantor or testator has created. Cast v. National Bank of Commerce T. & S. Assn., *supra*. In the present case, not only is the restraint on alienation a direct one against the named grantee in an absolute fee simple deed, but it is not coupled with or attached with any interest on the part of the brothers of Joseph Pick, and there is no time limitation or special conditions relating to the conveyance of the property from which it could possibly be argued that the restriction was reasonable. The right to deed, convey, encumber, or alienate property is one of the fundamental elements of a fee simple title. As was pointed out in Cast v. National Bank of Commerce T. & S. Assn., *supra,* it is one of the rights that has been carefully protected by the public policy of the State of Nebraska and the law of real property. The grantee, Joseph Pick, became the owner of the property and yet was forbidden forever, either by deed or by will, to dispose of the property. The title, the use of his property, and its productive use was made to depend upon the unknown and perhaps whimsical consent of brothers who in turn had no power in themselves to effectively convey, use, or make productive the original unlimited fee simple title granted to Joseph Pick. We said in Cast v. National Bank of Commerce T. & S. Assn., *supra,* as follows: "One of the primary incidents of ownership of property in fee simple is the right to convey or encumber it. It is the general rule that a testator may not create a fee simple estate to vest at his death and at the same time restrict its alienation. This is because conditions which restrict alienation are repugnant to the very estate the testator has created." The district court was correct in declaring the deed condition in question as an invalid and illegal restraint against alienation, void, and against public policy.

We come to the conclusion that the first mortgage exe-

cuted in 1959 between Joseph Pick and William H. Pick was valid.

The next contention of the appellants is that the county court was without power in 1964 when it authorized a renewal of this assigned mortgage in the sum of $27,200. The original mortgage was for $21,620.63.

On March 27, 1961, the assignees of the mortgage, William H. Pick, Jr., and Wilma C. Pick, and Frank's guardian at the time, Dwight Rissler, entered into a stipulation that the amount of the mortgage would be reduced to $20,000. On December 23, 1965, this $20,000 mortgage was renewed by the guardian in the sum of $27,200 pursuant to a county court order. This increased sum represented the original $20,000 mortgage plus 6 percent interest for 6 years ($7,200), which was then due.

Section 30-1201, R. R. S. 1943, provides: "Upon petition supported by competent testimony, showing that the best interests of the estate demand it, the county judge may grant to the executors, administrators, guardians and trustees of estates, whether such trustee be testamentary or appointed by the court, authority to mortgage, or extend the time of payment of any note or notes secured by a mortgage on any real estate belonging to such estate, for a period to be fixed by the county judge when mortgages existing on such real estate are due, or about to become due, and there is no money belonging to such estate with which to pay or redeem such mortgages, by proper written agreement duly executed, witnessed and acknowledged; *Provided, in no instance shall authority be granted by such county judge to executors, administrators, trustees or guardians to mortgage such real estate for a greater sum than the amount secured by the original mortgage;* nor shall authority be granted if there is personal property belonging to the estate, from which sufficient money can be realized by the sale thereof, beneficial to the estate, to pay or redeem such mortgage." (Emphasis supplied.)

Appellants claim the emphasized proviso clause of the statute limits a renewal mortgage to the original mortgage figure, with absolutely no right to include the amount of the interest due. We do not agree.

The proviso clause prohibits the incompetent's estate from *incurring a new debt*. However, to include the interest already due in determining the amount of a renewal mortgage does not mean incurring a new debt. The amount due on the original mortgage included the principal plus any interest accrued. When the guardian is able to show that there is no money in the estate to meet the original mortgage obligation and the interest due, the court should be able to set the renewal mortgage amount so as to cover not only the original mortgage figure but the interest as well. A proper interpretation of section 30-1201, R. R. S. 1943, permits such a procedure. The trial court was correct in upholding the validity of the renewal mortgage.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

CARTER, J., not participating.