JOHN J. MORITZ, APPELLEE, v. S & H SHOPPING CENTERS, INC., A DELAWARE CORPORATION, APPELLANT.

247 N. W. 2d 454

Filed December 15, 1976. No. 40690.

Fraser, Stryker, Veach, Vaughn & Meusey, for appellant.

Paul Scott Dye of Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellee.

Heard before SPENCER, BOSLAUGH, NEWTON, and BRODKEY, JJ., and BURKE, District Judge.

NEWTON, J.

This is an action in forcible entry and detainer. Plaintiff is the owner of a tract of land in Omaha, Nebraska, which he leased to defendant on April 29, 1971, for a period of 56 years. On breach of the lease terms, plaintiff seeks to recover possession of the property. Judgment was for plaintiff and that judgment is affirmed.

The lease contemplated the development of a shopping center on the tract in question by defendant. Authority was conferred upon defendant to erect improvements and sublease to tenants. In the event of a default by defendant, cancellation of the lease was not to affect the subtenants, their possessions or rights under the subleases. Defendant was to keep the property free of mechanic's liens but had authority to subject plaintiff's interest to a mortgage not exceeding $16.50 per square foot of the footage of buildings constructed. Defendant was to pay taxes, special assessments, insurance costs, and a monthly rental. The lease could only be assigned with lessor's written consent. Defendant has defaulted in the payment of rent and taxes and has failed to pay construction costs with the result that several mechanic's liens have been filed and are under foreclosure.

By way of defense and assignment of error, defendant maintains that in view of the mechanic's lien foreclosure in the District Court, the municipal court was without jurisdiction of this action; that since defendant is a sublessor and not in actual possession of the property, forcible entry and detainer will not lie; and that subtenants and assignees of defendant are necessary parties.

We are at a loss to understand why the pendency of a mechanic's-lien-foreclosure action should affect plain-

tiff's right to possession and possessory action. It is true that if the District Court were to find the mechanic's liens were valid against plaintiff's property and appointed a receiver, both parties could be deprived of rents accruing on the subleases. This has not been done and the only parties affected by this action are plaintiff and defendant. In the event of a mortgage-foreclosure action, the owner, during the action's pendency on stay, would be entitled to recover possession from a defaulting tenant in the absence of a receivership. Here, the pending mechanic's lien foreclosure is intended only to determine the rights of third-party lienors and not to resolve any questions regarding possession that may exist between plaintiff and defendant. As demonstrated by Warlier v. Williams, 53 Neb. 143, 73 N. W. 539, and Schmidt v. Henderson, 148 Neb. 343, 27 N. W. 2d 396, the District Court does not have original jurisdiction in a forcible entry and detainer action and equity will not ordinarily intervene in regard to possessory rights as between a landlord and tenant. There is no conflict of jurisdiction.

In this state forcible entry and detainer will lie against a lessee not in actual possession of the property. The case of Post v. Bohner, 23 Neb. 257, 36 N. W. 508, holds that one who retains possession through an agent or tenant is subject to the action although he is not in actual possession. This is necessarily true. One claiming possession of an unimproved tract of land does not reside thereon and, in a sense, is not in actual possession yet he may be evicted in forcible entry and detainer. There is no other remedy. The Nebraska statute, section 24-569, R. R. S. 1943, provides that the action is a proper one as against all tenants holding over their terms, and a tenant shall be deemed to be holding over whenever he fails to pay rent due. Defendant cannot deny that he is a tenant under his lease and that he has defaulted. A tenant is one who holds lands of another. See Black's Law Dictionary (4th Ed.), p. 1635.

Defendant held the land of plaintiff under a lease, brought about the construction of a shopping center through its agents, and continued to exercise possession and dominion over the property through its subtenants. As stated in 49 Am. Jur. 2d, Landlord and Tenant, § 1, p. 42, "as a general rule, the possession of a tenant is that of his landlord." The possession of defendant's subtenants is the possession of defendant.

Defendant had no authority to assign the lease without the consent of plaintiff. Such consent was never given or received and defendant's contention that it transferred certain interests in the lease is necessarily immaterial as no valid rights could have been transferred or acquired in the absence of plaintiff's consent. Such purported assignees are not necessary parties to this action. The same is true as regards defendant's subtenants. They have attorned to plaintiff, are protected by the lease, and no relief is sought as to them.

The judgment of the District Court is affirmed.

AFFIRMED.