## B & R Oil Company, Inc. v. Ray's Mobile Homes, Inc.

[422 A.2d 1267]

No. 371-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Robert S. Burke* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*H. Joseph Gamache* of *Sylvester & Maley*, Burlington, for Defendant.

**Billings, J.** This is an appeal by the plaintiff-lessee from a judgment of the Washington Superior Court determining that a certain lease could not be assigned without the express consent of the defendant.

In 1954 the plaintiff, under another corporate name, leased from the Village of Hardwick certain lands with a retail gasoline station thereon. The defendant here is successor in title to the Village. With respect to assignment, the lease provided as follows:

> The lessee shall not assign this lease or sublet said premises without first obtaining the written consent of the lessor . . . .

In 1977 the plaintiff-lessee requested the defendant to permit an assignment of its interest under the lease to a third party, who would continue to operate a retail gasoline station. The defendant refused to consent to the assignment although it had no objection to the third party as a lease holder or to the type of business it would conduct. The only reason for the defendant's refusal was that it wished to renegotiate the terms of the lease.

Although the lease contains a provision prohibiting assignment without the defendant's express consent, the plaintiff argues that this consent may not be withheld unreasonably even where the lease does not contain a reasonableness standard. The plaintiff admitted in its brief and on oral argument that by the majority rule a lessor has the right to arbitrarily withhold his consent to an assignment. See, e.g., *Segre* v. *Ring*, 103 N.H. 278, 170 A.2d 265 (1961). Where a lessor's consent to an assignment is required, Vermont has long held that in the absence of a waiver any attempted assignment by the lessee is invalid. *Dieter* v. *Scott*, 110 Vt. 376, 385, 9 A.2d 95 (1939). See also *Rosenberg* v. *Taft*, 94 Vt. 458, 111 A. 583 (1920). Plaintiff urges that we adopt the position of the Restatement (Second) Property (Landlord and Tenant) § 15.2(2) (1977), that a landlord may not unreasonably withhold his consent to an assignment. The Reporter's Notes to this section indicate that this position is a minority view.

We endorse the majority rule. See, e.g., *Carleno* v. *Vollmert Tire Co.*, 36 Colo. App. 446, 540 P.2d 1149 (1975); *Gruman* v. *Investors Diversified Services, Inc.*, 247 Minn. 502, 78 N.W.2d 377 (1956); *Dress Shirt Sales, Inc.* v. *Hotel Martinique Associates*, 12 N.Y.2d 339, 190 N.E.2d 10, 239 N.Y.S.2d 660 (1963). We will not attempt to rewrite the clear unambiguous language of the lease agreement. See *Brownell* v. *Burlington Federal Savings & Loan Association*, 115 Vt. 455, 63 A.2d 862 (1949).

*Affirmed.*