## Steve Greene v. Rainbow Properties, Ltd.

[496 A.2d 178]

No. 83-196

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 3, 1985

*Fink & Birmingham, P.C.,* Ludlow, for Plaintiff-Appellant.

*Martin Nitka,* Ludlow, for Defendant-Appellee.

**Gibson, J.** This case originated as a complaint by plaintiff, a partner in a restaurant-delicatessen, against defendant-lessor for monetary damages and injunctive relief preventing defendant from locking him out. By the time the case came to trial, the parties had stipulated to a preliminary injunction allowing plaintiff to continue in possession, and only damage claims remained to be tried. Plaintiff seeks to recover the cost of kerosene heaters and subsequently installed electric heaters, following defendant's refusal to install heating equipment; defendant's counterclaim is for unpaid rent and condominium fees. Following a bench trial, the court awarded plaintiff judgment for $1172.44, the amount he paid for kerosene and electric heaters, and gave defendant judgment on its counterclaim for $4540 for unpaid rent and condominium fees. Both parties appeal.

Plaintiff contends on appeal that, under the terms of the lease agreement, he was excused from making rental payments until defendant had installed certain heating facilities called for thereunder. Defendant's cross-appeal contests the right of

plaintiff to recover the cost of heating equipment purchased by plaintiff, absent agreement on the part of defendant and following breach of the lease on the part of plaintiff.

The relevant facts are as follows. Plaintiff-lessee and defendant-lessor entered into a five-year lease agreement with occupancy to commence on July 1, 1981. The lease required plaintiff to pay the first- and last-month's rent and a one-month security deposit before occupancy. Monthly rent was $390, payable by plaintiff on the first of each month; condominium fees of $71.50 per month were payable quarterly. The lease provided, "Lessee shall: pay the rent and all other sums due from Lessee to Lessor hereunder at the time and in the manner provided for in this Lease, without offset, setoff, or deduction for any reason." The lease also contained a covenant of quiet enjoyment that provided:

> Lessor agrees that *upon Lessee's paying the rent* and performing and observing the terms, provisions, and condit[i]ons and covenants on its part to be performed and observed, Lessee shall and may peaceably and quietly have, hold and enjoy the premises and Lessee's right to use the common facilities of The Mill, as herein provided, without any manner of hindrance or molestation from Lessor or anyone claiming under Lessor, subject to the terms of this lease. (Emphasis added.)

An addendum, executed contemporaneously with the lease and attached to it, listed a number of specific tasks to be completed by defendant before plaintiff's occupancy, including "heat as may reasonably be required," with the parties planning on defendant's installation of baseboard hot water heating. The addendum stated that, if defendant had not completed the work by July 1, 1981, plaintiff could occupy "with a prorated reduction in rent for however so long as lessor's work is incomplete."

Plaintiff took occupancy at the beginning of July, 1981, prior to installation of the contemplated heating facilities. Shortly thereafter, believing that baseboard radiators would consume too much retail space along the outside walls, plaintiff asked defendant to substitute overhead blowers. Defendant agreed, and ordered the blowers.

The trial court found that, although plaintiff opened his business as planned and occupied the premises for about one year before assigning the lease, he paid no rent other than an initial check reflecting only the last-month's rent and the security deposit; plaintiff never paid the first-month's rent, and he paid no condominium fees at all.

On August 8, 1981, plaintiff notified defendant by letter that he would pay no rent until the heating equipment was installed. Defendant thereupon cancelled the order for the overhead blowers and refused to install any heating units. When defendant sought to evict plaintiff, this lawsuit ensued. The preliminary injunction permitting plaintiff to remain in possession made no attempt to define the rights and responsibilities of the parties under the lease, or otherwise, pending final resolution of the dispute.

In October, 1981, plaintiff purchased kerosene heaters for $583.83, but these generated odor and soot; in December, plaintiff replaced them with an electric space heater at a cost of $588.61.

The court awarded plaintiff $1172.44 for the cost of the heaters, but also awarded defendant $3900[1] on its counterclaim for unpaid rent and $640[2] for unpaid condominium fees, a net recovery for defendant of $3367.56. Citing *Northern Terminals, Inc.* v. *Smith Grocery & Variety, Inc.*, 138 Vt. 389, 396–97, 418 A.2d 22, 26–27 (1980), the court held that, although plaintiff remained liable for rent during his occupancy of the premises, he was entitled to damages caused by defendant's breach of the lease terms.

Plaintiff contends that the "proration" provision in the addendum suspended his liability for rent "during any period of default" by defendant notwithstanding plaintiff's occupancy. Interpreting the addendum any other way, he argues, injects an unintended meaning into a "clear and unequivocal" document. We disagree.

▆▆▆ After plaintiff took possession, the parties amended their lease agreement. An oral amendment to a written lease

---

[1] The $3900 total appears to reflect twelve-months' liability less credit for the last-month's rent and security deposit paid.

[2] Defendant's testimony supported only the $640 awarded, which we note roughly approximates three quarterly installments.

is effective if the oral agreement "has been acted upon and become executed." *Johnson & Dix, Inc.* v. *Burlington Mutual Fire Insurance Co.,* 123 Vt. 488, 489, 194 A.2d 401, 402 (1963). In this case, after plaintiff took possession, he requested a modification in the heating facilities, a change that was agreed to by defendant. The change effectively postponed the date of installation of the heating facilities because the overhead blowers plaintiff desired had to be specially ordered. In such circumstance, defendant was entitled to a reasonable period of time within which to install the desired units, *Hayden* v. *Hoadley,* 94 Vt. 345, 348, 111 A. 343, 345 (1920); 1 Corbin on Contracts § 96, at 412 n.15 (1963), and plaintiff was not justified in withholding his rental payments and condominium fees during this period while remaining in possession of the premises. The trial court correctly concluded that plaintiff's failure to make the rental payments constituted a breach of the lease agreement. See *Northern Terminals, Inc.* v. *Smith Grocery & Variety, Inc., supra,* 138 Vt. at 396–97, 418 A.2d at 27 (distinguishing recovery of damages for breach of covenant from excuse from obligation to pay rent because of constructive eviction); *Legier* v. *Deveneau,* 98 Vt. 188, 190, 126 A. 392, 393 (1924) ("unjust to permit the tenant to remain in possession and escape the payment of rent by pleading a state of facts which, though conferring a right to abandon, had been unaccompanied by the exercise of that right," where tenant had raised defense of constructive eviction).

█ Following plaintiff's breach, defendant was entitled to suspend its performance. See *Williams* v. *Carter,* 129 Vt. 619, 623, 285 A.2d 735, 738 (1971) ("a failure of payment is a justification for ceasing further work . . . ."); *Cass-Warner Corp.* v. *Brickman,* 126 Vt. 329, 337, 229 A.2d 309, 315 (1967) (defendant's failure to pay for work as it progressed relieved plaintiff from further performance). Absent an agreement by defendant that it would underwrite the installation of heating equipment by plaintiff, the court's award of monetary damages to plaintiff for his expenditures for such equipment was error.

█ This case is to be distinguished from one in which a residential landlord attempts self-help eviction after a non-breaching tenant fixes faults in essential services that the

landlord had failed to repair. See *Birkenhead v. Coombs,* 143 Vt. 167, 172, 465 A.2d 244, 247 (1983) (employing diminished value approach as measure of damages where duty of tenant to pay rent is coextensive with landlord's duty to maintain residential premises in habitable condition); see also *Hilder* v. *St. Peter,* 144 Vt. 150, 158–59, 161, 478 A.2d 202, 208, 209 (1984) (recognizing residential leases essentially as contracts subject to standard contract remedies). Here, a commercial lease agreement provided for monthly payment of rent "without offset, setoff, or deduction for any reason." Operation of the commercial lease's covenant of quiet enjoyment was expressly conditioned upon plaintiff's payment of rent.

*Reversed in part and affirmed in part. Remanded, with judgment to be entered for defendant in accordance with the views expressed herein.*