RAQUEL H. NEWMAN, TRUSTEE OF THE CALVIN M. NEWMAN AND RAQUEL H. NEWMAN CHARITABLE TRUST, APPELLEE, V. HINKY DINKY OMAHA-LINCOLN, INC., A NEBRASKA CORPORATION, APPELLANT.

427 N.W.2d 50

Filed August 5, 1988.   No. 86-765.

Theodore J. Stouffer and Kurt F. Tjaden, of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Warren S. Zweiback and Mary Lou Perry, of Zweiback, Flaherty, Betterman & Lamberty, P.C., for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and THOMPSON and SPRAGUE, D. JJ.

SHANAHAN, J.

This is a forcible entry and detainer action which resulted in a judgment of restitution of real estate to the plaintiff-lessor, Raquel H. Newman, trustee of the Calvin M. Newman and Raquel H. Newman Charitable Trust (Newman). See Neb. Rev. Stat. §§ 24-568 et seq. (Reissue 1985) (forcible entry and detainer). Hinky Dinky Omaha-Lincoln, Inc. (Hinky Dinky), the occupant and sublessee, appeals, thereby presenting to this court a question of first impression, namely: In the absence of an express lease provision specifically permitting a lessor to withhold consent to an assignment of the lease or subletting, must a lessor have a commercially reasonable objection to the assignment or subletting, when the lease allows assignment or subletting only with the lessor's consent?

Newman is the owner of real estate located in Lincoln, Nebraska. On July 1, 1977, Newman entered into a written lease of the premises with American Community Stores Corporation (ACS), a Texas corporation. The lease refers to Newman as the "Landlord" and ACS as the "Tenant," and calls for payment of fixed rent, with additional rent based on the tenant's gross receipts. ACS operated a chain of Hinky

Dinky supermarkets in Nebraska. Section 10.1 of the lease provides: "Tenant may not assign or transfer this Lease voluntarily or by operation of law or sublet the Leased Premises or any portion thereof without the written consent of Landlord first had and obtained."

ACS ceased all operations of its Hinky Dinky grocery store chain on February 16, 1985. Before that date, ACS asked Newman's consent for a proposed lease assignment to Nash Finch Company, and a subsequent sublease by Nash Finch to the appellant, Hinky Dinky. Although brief negotiations ensued concerning ACS' arrangement for the prospective lease assignment and sublease, Newman did not consent to the proposal. Later in February, ACS' lease assignment to Nash Finch and the sublease to Hinky Dinky were executed without Newman's consent.

On March 1, 1985, Newman notified ACS, Nash Finch, and Hinky Dinky, which then occupied the premises, that ACS was in default under the lease as the result of the assignment and subletting without Newman's consent, and on March 4, Newman served a "Notice to Vacate Premises" upon those entities. Newman accepted rental payments from Nash Finch during negotiations to resolve the conflict concerning the propriety and efficacy of the assignment and sublease. When negotiations reached impasse, on August 14, Newman served a "Notice to Quit" on the occupant, Hinky Dinky, and filed a petition for restitution of the premises on August 22, 1985. Whether Newman's acceptance of rent payments constituted a waiver was a matter of dispute by the parties.

After a hearing on Newman's motion for summary judgment, the district court ruled that there was no genuine issue of material fact whether Newman, as lessor, properly withheld consent to the assignment and sublease because, as a matter of law, a landlord may withhold consent for any reason. Citing *B & R Oil Company v. Ray's Mobile Homes*, 139 Vt. 122, 422 A.2d 1267 (1980), the district court stated that "the landlord may withhold consent for whatever reason the landlord deems proper. . . . There is not a genuine issue of fact as to this point." However, the court found that a factual issue existed on the question whether Newman had waived her rights

under the lease by accepting rent payments, knowing that, without Newman's consent, ACS had assigned the lease to Nash Finch, which sublet to Hinky Dinky. Consequently, after granting summary judgment to Newman on the issue of the lessor's consent, the court proceeded to try the question of waiver. See Neb. Rev. Stat. § 25-1333 (Reissue 1985) (summary judgment; case not fully adjudicated on motion). After trial, the district court held that Newman's acceptance of rent payments was not a waiver under the lease, and then granted Newman a judgment for restitution of the premises.

Hinky Dinky argues that the district court erred in (1) granting Newman a partial summary judgment by holding that a lessor may withhold consent to an assignment for any reason, and (2) finding that Newman's acceptance of rent after the alleged breach of lease had occurred was not a waiver.

A summary judgment is properly granted when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or the ultimate inferences deducible from such fact or facts and that the moving party is entitled to judgment as a matter of law. [Citations omitted.] In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. [Citation omitted.]

*Union Pacific RR. Co. v. Kaiser Ag. Chem. Co., ante* p. 160, 162-63, 425 N.W.2d 872, 875 (1988). See, also, Neb. Rev. Stat. § 25-1332 (Reissue 1985). On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of material fact exists. *Guenther v. Allgire*, 228 Neb. 425, 422 N.W.2d 782 (1988); *Janssen v. Trennepohl*, 228 Neb. 6, 421 N.W.2d 4 (1988).

Partial summary judgment for Newman is correct only if, as a matter of law, Newman was entitled to withhold consent to an assignment and sublease for any reason, that is, Newman had an absolute right to withhold consent. However, if Newman could withhold consent only on the basis of a reasonable

objection, a factual issue concerning reasonableness precluded a summary judgment on the lessor's right to withhold consent to the assignment and sublease in the case at hand.

Hinky Dinky does not contend that Newman's consent to an assignment or sublease was unnecessary, but suggests that a lessor cannot unreasonably withhold consent. On the other hand, Newman suggests that, according to the language of the lease, a lessor has an absolute right to withhold consent to a lease assignment or subletting, however unreasonable or arbitrary the lessor's refusal might be.

Newman calls our attention to *Moritz v. S & H Shopping Centers, Inc.*, 197 Neb. 206, 247 N.W.2d 454 (1976), which involved a lessor's forcible entry and detainer action pursuant to a lease requiring that the lessee pay real estate taxes for the premises and protect against a mechanic's lien for improvements constructed on the leased property. Under the lease, cancellation of the lease on account of the lessee's default would not affect any sublessee. In resisting the lessor's action as the result of nonpayment of real estate taxes and proceedings to foreclose a mechanic's lien for construction on the leased premises, the defendant-tenant contended that the lessee's subtenants were necessary parties to the action. In rejecting the lessee's contention, this court concluded that the lessor had not consented to the sublease, notwithstanding a lease provision requiring such consent, and, therefore, the lessee had not transferred rights to the sublessees so as to make the sublessees necessary parties in the lawsuit. Consequently, *Moritz, supra*, does not dispose of the question whether a lessor's withholding consent to an assignment of a commercial lease or a sublease of the leased premises is an absolute right or must be based on a reasonable ground for the withheld consent.

> A lease is to be construed as any other contract. *Omaha Country Club v. Dworak*, 186 Neb. 336, 183 N.W.2d 264 (1971). The proper construction of a written contract is generally a question of law to be determined by the courts. *Dockendorf v. Orner*, 206 Neb. 456, 293 N.W.2d 395 (1980).

*Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 506, 412 N.W.2d 453, 457 (1987).

Newman relies on *B & R Oil Company v. Ray's Mobile Homes*, 139 Vt. 122, 422 A.2d 1267 (1980), in which the Vermont Supreme Court, construing lease language identical to the consent requirement in Newman's lease, embraced a rule recognizing a lessor's right to arbitrarily withhold consent to an assignment of a lease. We have previously considered Vermont cases on points of common law. See *Mattis v. Robinson*, 1 Neb. 3 (1871), examining and overruling *Pierce v. Brown*, 24 Vt. 165 (1852).

Another line of authority, however, recognizes that, where a lease contains an approval clause, such as a provision stating that the lease cannot be assigned without the lessor's prior consent, a lessor may withhold consent only when the lessor has a good faith reasonable objection to assignment of the lease, even in the absence of a lease provision stating that the lessor's consent will not be unreasonably withheld. See, *Kendall v. Ernest Pestana, Inc.*, 40 Cal. 3d 488, 709 P.2d 837, 220 Cal. Rptr. 818 (1985); *Boss Barbara, Inc. v. Newbill*, 97 N.M. 239, 638 P.2d 1084 (1982); *Funk v. Funk*, 102 Idaho 521, 633 P.2d 586 (1981); *Hendrickson v. Freericks*, 620 P.2d 205 (Alaska 1981); *Warmack v. Merchants Nat'l Bk., Ft. Smith*, 272 Ark. 166, 612 S.W.2d 733 (1981); *Homa-Goff Interiors, Inc. v. Cowden*, 350 So. 2d 1035 (Ala. 1977). Many courts which adhere to the foregoing rule of reasonableness have accepted the general principle recited in Restatement (Second) of Property § 15.2(2) at 100 (1977):

> A restraint on alienation without the consent of the landlord of the tenant's interest in the leased property is valid, but the landlord's consent to an alienation by the tenant cannot be withheld unreasonably, unless a freely negotiated provision in the lease gives the landlord an absolute right to withhold consent.

For example, see *Kendall v. Ernest Pestana, Inc., supra.* As the California Supreme Court observed in *Kendall*:

> "[W]here a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing." [Citations omitted.] Here the lessor retains the discretionary power to approve or disapprove

an assignee proposed by the other party to the contract; this discretionary power should therefore be exercised in accordance with commercially reasonable standards. "Where a lessee is entitled to sublet under common law, but has agreed to limit that right by first acquiring the consent of the landlord, we believe the lessee has a right to expect that consent will not be unreasonably withheld." [Citation omitted.]

40 Cal. 3d at 500, 709 P.2d at 845, 220 Cal. Rptr. at 826 (quoting *Cal. Lettuce Growers v. Union Sugar Co.*, 45 Cal. 2d 474, 289 P.2d 785 (1955), and *Fernandez v. Vazquez*, 397 So. 2d 1171 (Fla. App. 1981)).

Factors to be considered in determining whether a lessor has acted with good faith and reasonably in withholding consent to an assignment of a commercial lease or subletting include: financial responsibility of the proposed assignee or sublessee; the assignee's or sublessee's suitability for the particular property; legality of the proposed use; need for alteration of the premises; and the nature of the occupancy. See *Kendall v. Ernest Pestana, Inc., supra.* Pertinent to an assignee's or sublessee's financial responsibility under the lease may be past revenue received by the assignee or sublessee and, insofar as demonstrable or ascertainable, prospective receipts in relation to rent based on gross receipts from the business conducted or to be conducted on the leased premises. The foregoing factors are neither exhaustive nor components in an arithmetical formula for reasonableness. None of the factors is weighted so that more or less weight is attributable or assigned to any particular factor utilized in evaluating a lessor's good faith or reasonableness in withholding consent to a commercial lease assignment or subletting. Additional factors may be educed in future situations involving a lessor's withholding consent in cases similar to that now reviewed by this court.

The requirement of good faith and reasonableness in a commercial transaction is not totally foreign to Nebraska law. See Neb. U.C.C. § 1-203 (Reissue 1980): "Every contract or duty within this act imposes an obligation of good faith in its performance or enforcement." We realize that the U.C.C. requirement of good faith is statutory, but a similar theme of

requisite good faith and reasonableness appears in this court's decisions pertaining to aspects of a commercial lease other than the question of a lessor's good faith and reasonableness in withholding consent to an assignment or sublease. For instance, in *Bernstein v. Seglin*, 184 Neb. 673, 171 N.W.2d 247 (1969), this court held that a lessor cannot arbitrarily or unreasonably refuse to accept a new tenant in mitigation of damages which resulted from the lessee's default under the lease. As still another example, a lease provision concerning construction on leased premises was construed in *Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 412 N.W.2d 453 (1987), where a lease required that construction plans and the contractor's bid " 'shall be submitted to Tenant for acceptance and approval.' " (Emphasis omitted.) 226 Neb. at 506, 412 N.W.2d at 457. Referring to the lease's language concerning the tenant's acceptance and approval of the construction in *Chadd*, we commented:

> The party to be satisfied must act in good faith or not unreasonably disapprove the subject matter. Reasonableness or good faith can be inferred with respect to the terms of a lease, which must be acceptable to the tenant. [Citations omitted.] The inference of good faith or reasonableness provides a standard against which a party's performance is measured. Such "on approval" or "satisfaction" clauses are not used as a vehicle to defeat contracts.

226 Neb. at 506-07, 412 N.W.2d at 457.

We believe that the rule of reasonableness, expressed in *Kendall v. Ernest Pestana, Inc.*, 40 Cal. 3d 488, 709 P.2d 837, 220 Cal. Rptr. 818 (1985), is the correct rule and, therefore, hold that where a commercial lease does not expressly permit a lessor to withhold consent to an assignment or subletting and contains an approval clause, such as a provision that there can be no assignment of the lease or subletting without the lessor's prior consent, a lessor may withhold consent only when the lessor has a good faith and reasonable objection to assignment of the lease or subletting, even in the absence of a lease provision that the lessor's consent will not be unreasonably withheld. In the case before us, the lease does not expressly permit or authorize

Newman to withhold consent to an assignment of the lease or subletting. In the absence of an express provision of such nature, that is, a lessor's right to withhold consent, the provisions of the lease in question require that the lessor act in good faith and reasonably in withholding consent to an assignment or subletting. Whether Newman acted in good faith and reasonably in withholding consent to the assignment and sublease is a question of material fact. See *Chadd v. Midwest Franchise Corp., supra*.

Although the court's opinion in *Kendall v. Ernest Pestana, Inc., supra*, and Restatement (Second) of Property § 15.2(2) (1977) contain expressions of a policy against a restraint on alienation, our decision today is limited to the issue raised by the parties, namely, the question of a lessor's good faith and reasonableness in withholding consent to an assignment of the lease or subletting, when the commercial lease in question does not contain an express provision specifically permitting a lessor's withholding consent. We leave for another day and another case the question whether an express lease provision permitting a lessor to withhold consent amounts to a restraint on alienation, in contravention of public policy in Nebraska. See *Occidental Sav. & Loan Assn. v. Venco Partnership*, 206 Neb. 469, 473, 293 N.W.2d 843, 846 (1980):

> " ' "[R]estraint on alienation" refers not merely to the restriction of the legal power of alienation, but also to the restriction of alienability as a practical matter. Any provision in a deed, will, contract, or other legal instrument which, if valid, would tend to impair the marketability of property, is a restraint on alienation.' "

(Quoting from L. Simes & A. Smith, The Law of Future Interests § 1111 (2d ed. 1956).) Cf., *Burney v. Pick*, 186 Neb. 828, 186 N.W.2d 919 (1971) (deed granting fee simple but prohibiting grantee's alienation of the property without consent of third parties; held, provision against alienation was invalid); *Andrews v. Hall*, 156 Neb. 817, 58 N.W.2d 201 (1953) (fee simple devise containing restriction against sale, mortgaging, or disposing of property before death of testator's widow; held, a restraint on alienation in the form of a forfeiture and

termination of fee simple estate on condition subsequent was void); *Cast v. National Bank of Commerce T. & S. Assn.*, 186 Neb. 385, 183 N.W.2d 485 (1971).

By concluding that Newman could withhold consent for any reason regarding assignment and subletting, the district court erred in granting Newman a summary judgment on the question concerning the lessor's withheld consent. Unless and until it is determined that Newman's withholding consent to the proposed assignment and sublease was in good faith and reasonable, it is unnecessary to determine whether Newman waived a right to declare a default under the lease in question. Consequently, adjudication of the waiver question is premature. The judgments of the district court are reversed. This matter is remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.