638 P.2d 1084

**BOSS BARBARA, INC., a New Mexico corporation, Ronald L. Sack and Barbara A. Sack, and Malibu Pools of New Mexico, a New Mexico corporation, Petitioners,**

v.

**Glynda NEWBILL, Respondent.**

No. 13793.

Supreme Court of New Mexico.

Jan. 11, 1982.

Bruce E. Pasternack, Albuquerque, for petitioners.

Wheeler, Poulson & Associates, Charles L. McElwee, Albuquerque, for respondent.

## OPINION

SOSA, Senior Justice.

The issue we consider on certiorari is whether a landlord may unreasonably and arbitrarily withhold consent to a subleasing agreement when the lease agreement provides that the tenant must obtain the written consent of the landlord before subleasing. Our answer to the question is in the negative.

On February 8, 1978, Glynda Newbill (Newbill) leased the premises at 5716 Menaul Blvd., N. E., Albuquerque, New Mexico, to Malibu Pools of New Mexico (Malibu). Paragraph IX of the lease provides:

Lessee, for and in consideration of this Lease and the demise of the said premises, hereby agrees and covenants with Lessor that *neither Lessee nor Lessee's heirs, executors, administrators, assigns, or successors in interest shall assign this Lease or sublet the said demised premises, in whole or in part, without first obtaining the written consent of Lessor therefor*; * * *. [Emphasis added.]

On April 26, 1979, Malibu sublet the premises to Boss Barbara, Incorporated (Boss Barbara) with the written consent of Newbill. The same provision quoted above applied to Boss Barbara. On January 7, 1980, Boss Barbara having fallen into financial difficulties, requested the consent of both Malibu and Newbill to sublease the premises. Malibu consented; however, Newbill refused.

On January 22, 1980, Boss Barbara denied any liability under the sublease due to Newbill's refusal to grant consent to a subtenant which she admitted was commercially reasonable. Malibu made the February rent payment under protest and did not make rental payments for the following eight months.

Boss Barbara sued Malibu and Newbill seeking a court declaration that a landlord could not unreasonably withhold consent to a sublease of commercial property to a commercially reasonable tenant where the lease requires the landlord's written consent to sublease. Malibu concurred in Boss Barbara's position.[1]

The trial court found that Newbill had unreasonably withheld her consent to the subleasing of the commercial property and terminated the lease between Malibu and Boss Barbara by operation of law effective January 31, 1980. The Court of Appeals reversed the trial court. The Court of Appeals had jurisdiction of this case based on Malibu's cross-claim sounding in tort. § 34-5-8(A), N.M.S.A.1978 (Repl.Pamp. 1981); *see Wright v. Brem*, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970). We reverse the Court of Appeals and affirm the trial court.

The issue on certiorari is one of first impression in New Mexico, although other jurisdictions have decided the issue. It appears that the majority of jurisdictions take the position that, under a lease provision like the one in the case at bar, a landlord may withhold his consent without justification. 49 Am.Jur.2d *Landlord and Tenant* § 485 (1970). However, it is also apparent that in recent years the trend of the jurisdictions is to require the landlord to act reasonably when withholding consent to sublease. *Homa-Goff Interiors, Inc. v. Cowden*, 350 So.2d 1035 (Ala.1977); Comment, *The Right To Sublease*, 53 Tulane L.Rev. 556 (1979).

■ We adopt the latter view. The rationale for requiring a landlord to act rea-

1. Both Newbill and Malibu filed counterclaims against Boss Barbara and cross-claimed against each other.

sonably when withholding consent to a subleasing agreement under a provision such as in the case at bar is that a lease, being a contract, should be governed by general contract principles of good faith and commercial reasonableness. *Fernandez v. Vazquez*, 397 So.2d 1171 (Fla.App.1981). Under this view, consent is not to be withheld unless the prospective tenant is unacceptable, using the same standards applied in the acceptance of the original tenant. *Cf. Shaker Building Co. v. Federal Lime & Stone Co.*, 28 Ohio Misc. 246, 277 N.E.2d 584 (Mun.Ct.1971) (case involved an assignment).

■ New Mexico law has consistently required fairness, justice and right dealing in all commercial practices and transactions. *Ott v. Keller*, 90 N.M. 1, 558 P.2d 613 (Ct. App.1976); *Cornell v. Albuquerque Chemical Co., Inc.*, 92 N.M. 121, 584 P.2d 168 (Ct.App.1978); *Wyrsch v. Milke*, 92 N.M. 217, 585 P.2d 1098 (Ct.App.1978). Good faith is required in the rental of a dwelling unit. § 47–8–11, N.M.S.A.1978. No logical reason exists for not requiring good faith in the rental of commercial premises.

■ Reasonable restraints upon the alienation of property are to be strictly construed so as to operate within their exact limits. *State ex rel. Bingaman v. Valley Sav. & Loan*, N.M., 636 P.2d 279 (1981); *DeBaca v. Fidel*, 61 N.M. 181, 297 P.2d 322 (1956). In this case, the tenant could not sublease the property without the written consent of the landlord. The lease provision neither restricts the landlord's power to withhold consent unless he has reasonable cause, nor does the provision permit the landlord to unreasonably and arbitrarily withhold consent to a sublease agreement. However, in the absence of more specific language, and because of New Mexico's requirement that commercial transactions be guided by right dealing and fairness, we construe Paragraph IX to require that the landlord act reasonably when withholding his consent to a sublease agreement.

The district court found that Newbill unreasonably withheld her consent to Boss Barbara's proposed subleasing of the premises to a commercially reasonable tenant. As such, the court properly terminated the sublease between Malibu and Boss Barbara. The Court of Appeals is reversed; the trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, FEDERICI and RIORDAN, JJ., concur.