712 P.2d 459

TUCSON MEDICAL CENTER, an Arizona corporation, Plaintiff/Appellant,

v.

Stanley H. ZOSLOW, M.D., and William Adelman, R.P.T., Defendants/Appellees.

No. 2 CA–CIV 5464.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 21, 1985.

Jones, Dickerman, Nuckolls, Edwards & Smith, P.C. by Lyle D. Aldridge, Tucson, for plaintiff/appellant.

Norris L. Ganson, Tucson, for defendant/appellee Zoslow.

Whitehill, Berger & West, P.C. by David D. West, Tucson, for defendant/appellee Adelman.

## OPINION

HOWARD, Judge.

This is an appeal from a judgment in favor of the defendants which affirmed Dr. Zoslow's right to assign his lease to William Adelman, a registered physical therapist. The main issue is: when a lease requires written consent prior to assignment or subleasing, but does not contain any language limiting the withholding of that consent, may such consent be arbitrarily or unreasonably withheld? We hold that it cannot and affirm.

Tucson Medical Center (TMC) operates a hospital located on the north side of east Grant Road in Tucson. It also owns property on the south side of Grant Road and has developed that property as a medical office complex known as Tucson Medical Park. TMC leases the ground to tenants who generally erect their own office building in conformity with certain architectural guidelines.

Dr. Zoslow is a physician who leased ground in Tucson Medical Park from TMC under a lease dated January 21, 1981. The written lease provides, in part:

"Lessee shall use and occupy the leased premises throughout the term hereof, and shall comply with all applicable federal, state and municipal laws, rules, ordinances, regulations and orders with respect to the occupancy and use thereof. Lessee further agrees that the building or buildings to be constructed on the leased premises will not be used by anyone except Lessee, its employees and associates, or such assignees as may succeed to Lessee's interest allowable under the terms of the Indenture of Lease. Nothing herein shall prevent Lessee from leasing part or all of the building to be constructed on the leased premises, *provided each such person or group is approved by Lessor.*" (Emphasis added.)

The property leased to Dr. Zoslow was subject to certain covenants and deed restrictions. They establish a "services area" within Tucson Medical Park. The covenants and restrictions provided by reference to that area are:

"For purposes of architecture and planning control, *x-ray or laboratory facilities* shall be constructed, erected or maintained only upon the property hereinafter described. This restriction shall not prohibit a medical practitioner or group of associated medical practitioners from operating laboratory facilities, x-ray facilities or other types of activity in connection with their own medical practice but such activities shall not be undertaken for profit by any practitioner for others [sic] than those associating with the individuals in their own group or practice; said property is described as follows:" [Description of 'services area.'] (Emphasis added.)

Under the above restriction, certain services were to be located only in the service area which did not, however, include Dr.

Zoslow's office building. In early 1984, Dr. Zoslow notified TMC that he intended to sublease a portion of his building to Adelman. Zoslow made a request for approval of the sublease by TMC. The matter was referred to TMC's Real Estate Committee, which denied approval of the sublease on the sole ground that the proposed sublease would violate the restrictions establishing the "service area."

Thereafter, Dr. Zoslow notified TMC that he leased a portion of his office to Adelman despite TMC's disapproval. Adelman took possession of the premises and this action for injunctive relief followed.

The trial court made findings of fact and conclusions of law finding, inter alia, that the deed restriction did not apply to a physical therapist's practice, that TMC could withhold consent to the sublease only if it did not act unreasonably in doing so and that the denial of approval on the basis of the deed restriction was unreasonable. The plaintiff contends that it had a right to arbitrarily refuse to approve the sublease and therefore its action was reasonable. We do not agree.

■  The general rule is that, in the absence of an express restriction by contract or statute, each tenant has the unrestricted right to assign or sublet as he wills. *Fernandez v. Vazquez,* 397 So.2d 1171 (Fla. App.1981); *American Book Company v. Yeshiva University Development Foundation, Inc.,* 59 Misc.2d 31, 297 N.Y.2d 156 (1969); 51C C.J.S. Landlord and Tenant § 31 (1968). There is a split of authority as to the right of the landlord to arbitrarily withhold consent to a tenant's assignment or sublease. Some courts recognize that the landlord may arbitrarily do so under an unqualified provision in the lease prohibiting assignment or subletting of the leased premises without the landlord's consent. See *L.M. Richard v. Degan & Brody, Incorporated,* 181 Cal.App.2d 289, 5 Cal. Rptr. 263 (1960), and see cases in Annot., 21 A.L.R.4th 188, § 3 (1983). A growing number of cases have rejected the right of

the landlord to arbitrarily refuse his consent and have held that the lessor must act reasonably in withholding his consent. See *Fernandez v. Vazquez,* supra; and see also cases cited in Annot. 21 A.L.R.4th 188 § 4 (1983).[1]

■  Some of the decisions departing from the rule permitting an arbitrary and capricious refusal of consent are based on the ground that a lease is a contract and thus governed by the general contract principles of good faith and commercial reasonableness. See *Homa-Goff Interiors, Inc. v. Cowden,* 350 So.2d 1035 (Ala.1977); *Boss Barber Inc. v. Newbill,* 97 N.M. 239, 638 P.2d 1084 (1982). Under this rationale, the lessor's good faith cooperation is an implied condition precedent to the lessee's performance of the lease. This reasoning is equally applicable in Arizona. In *Diagnostic Laboratory, Inc. v. PBL Consultants,* 136 Ariz. 415, 666 P.2d 515 (App.1983), we held that in every agreement there is an implied covenant of good faith and fair dealing so that neither party may do anything that will injure the rights or interests of another party to the agreement.

■  We find particularly appropriate § 15.2(2) of the Restatement (Second) of Property (1977):

"A restraint on alienation without the consent of the landlord of the tenant's interest in the leased property is valid, but the landlord's consent to an alienation by the tenant cannot be withheld unreasonably, unless a freely negotiated provision in the lease gives the landlord an absolute right to withhold consent."

We find the Restatement rule to be compatible with Arizona's law on good faith in dealing with contracts and we adopt the foregoing section of the Restatement. See *Koepke v. Carter Hawley Hale Stores, Inc.,* 140 Ariz. 420, 682 P.2d 425 (App. 1984).

■  There was no provision in the lease at issue giving the landlord the abso-

---

1. Division One of this court has adopted this view. See *Campbell v. Westdahl et al.,* Ariz. (1 CA–CIV 7587, Department D, filed October 31, 1985).

lute right to withhold consent. Therefore, the question arises as to whether the plaintiff acted unreasonably in doing so. It is crystal clear from the cited deed restriction that it was applicable only to x-ray or laboratory facilities and did not apply to the office of a physical therapist. Plaintiff contends that all it did was make a mistake in concluding that the deed restrictions applied and that, since it acted for a reason and not merely based on caprice, whim or personal prejudice, it did not act unreasonably. We do not agree. There is a difference between acting for a reason and acting reasonably. A reason for refusing consent, in order for it to be reasonable, must be objectively sensible and of some significance. See Restatement (Second) of Property § 15.2 Comment *g* (1977). Plaintiff's incorrect reading of the deed restrictions cannot be considered to be reasonable. The wrongful interpretation was per se unreasonable. Examples of good faith, reasonable objections would include: inability to fulfill the terms of the lease, financial irresponsibility or instability, unsuitability of the premises for the intended use, or intended lawful or undesirable use of the premises. No such objections were raised by the plaintiff here.

Appellees have requested attorney's fees on appeal. This matter arises out of contract and they are entitled to fees as the successful parties on appeal. The amount will be determined upon the submission of their statement of costs pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.