This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38172

**SANDRA SMITH,**

Plaintiff-Appellant,

v.

**CILLE DICKINSON and SARAH DOCKERY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Court Judge**

J. Robert Beauvais, P.A.
J. Robert Beauvais
Ruidoso, NM

for Appellant

Richard A. Hawthorne, P.A.
Richard A. Hawthorne
Ruidoso, NM

for Appellees

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** In this landlord-tenant dispute, Plaintiff Sandra Smith appeals from a judgment in favor of Defendants Cille Dickinson and Sarah Dockery following a bench trial. On appeal, Plaintiff argues that the district court erred in: (1) concluding that the absence of a written rental agreement was not a material violation of the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007); (2) concluding that Defendants did not impose a landlord's lien on Plaintiff's

property; (3) concluding that Plaintiff failed to establish that Defendants breached the covenant of good faith and fair dealing; (4) concluding that Plaintiff failed to prove that Defendants committed intentional infliction of emotional distress (IIED); and (5) entering finding of fact 48. Unpersuaded, we affirm.

## DISCUSSION

### I.     Absence of a Written Rental Agreement

**{2}**     Plaintiff argues that the absence of a written rental agreement was a material violation of the UORRA and, as such, the district court erred in concluding otherwise. Plaintiff is correct that Section 47-8-20(G) mandates that an owner must provide a written rental agreement to each resident before occupancy begins. However, not all violations of the UORRA trigger the remedial provision of the statute. Section 47-8-27.1(A)(1) provides in pertinent part that a resident has a right to certain relief when there is "noncompliance with the [UORRA] *materially affecting health and safety.*" (Emphasis added.) Plaintiff has not cited any authority for the proposition that the absence of a written agreement amounts to such a *material* violation, and Plaintiff has not developed any argument in support of that proposition. We therefore reject this assertion of error. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Hoyt v. State*, 2015-NMCA-108, ¶ 24, 359 P.3d 147 ("The failure to cite to authority in support of a proposition of law allows us to decline to do the research on the party's behalf."); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

### II.     Landlord's Lien

**{3}**     Next, Plaintiff challenges the district court's conclusion of law that Defendants did not impose a landlord's lien on Plaintiff's property. We understand Plaintiff's argument as a challenge to the district court's application of the law to the facts—that the district court's conclusion that there was no landlord's lien was "legally erroneous" because Plaintiff "made specific arrangements for others to pickup [sic] the property which was . . . refused by [Defendant]." Reviewing this question de novo, *Harrison v. Bd. of Regents of the Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236, we affirm.

**{4}**     New Mexico—as Plaintiff correctly asserts—prohibits landlord liens arising out of the rental of a dwelling unit to which the UORRA applies. *See* § 47-8-36.1; *see also* NMSA 1978, § 48-3-5(A) (1997) ("Landlords have a lien on the property of their tenants that remains in or about the premises rented, for the rent due by the terms of any lease or other agreement in writing, and the property shall not be removed from the premises without the consent of the landlord until the rent is paid or secured. *A lien does not attach if the premises rented is a dwelling unit.*" (emphasis added)). The UORRA does not define the term landlord's lien, but the term has an ordinary meaning not challenged by either party. *See Sec. Escrow Corp. v. N.M. Tax'n & Revenue Dep't*, 1988-NMCA-

068, ¶ 7, 107 N.M. 540, 760 P.2d 1306 ("When a term is not defined by the statute, a court may interpret the word in accordance with its ordinary meaning."). A landlord's lien is one placed on "a tenant's personal property at the leased premises in favor of a landlord who receives preferred-creditor status on that property." *Landlord's Lien*, *Black's Law Dictionary* (11th ed. 2019); *see generally State v. Boyse*, 2013-NMSC-024, ¶ 9, 303 P.3d 830 (recognizing that our courts often use dictionaries to ascertain the ordinary meaning of words). This type of lien usually serves to "secure[] the payment of overdue rent or compensation for damage to the premises." *Lien* (landlord's lien), *Black's Law Dictionary* (11th ed. 2019).

**{5}** Plaintiff does not assert a substantial evidence challenge to the district court's factual findings that underlie its ruling on this issue, *see* Rule 12-318(A)(3), (4) NMRA, and our analysis is therefore based on the following facts found by the district court. Defendant gave Plaintiff written notice terminating the oral rental agreement. In the ensuing sixty to ninety days, Defendant and Plaintiff communicated verbally and in writing regarding Plaintiff's need to remove her personal belongings from the property. During this time, Plaintiff attempted several times to arrange for friends and relatives to retrieve her property, all of which failed for various reasons. Plaintiff was also unable to afford to move her belongings from Lincoln to Albuquerque and, on multiple occasions, was denied financial assistance from United Health Care. In the meantime, Defendants spent nearly two weeks packing Plaintiff's property, storing it in a garage and walk-in closet. Defendant Dickinson then emailed Plaintiff an invoice for the following charges: March rent ($700); packing of housewares ($500); and storage of housewares for April and May ($200). Plaintiff never paid these charges and "[n]o further effort to remove the property was made by Plaintiff through the balance of 2013, all of 2014, and the first three months of 2015."

**{6}** Based on the foregoing findings, we see no error in the district court's conclusion that Defendants did not impose a landlord's lien. There is nothing in these findings to demonstrate that Defendants held Plaintiff's belongings to secure the payment of overdue rent or compensation for damage to the premises. Instead, it seems that Defendants held onto Plaintiff's property by default, on account of Plaintiff's inability—practically and financially—to remove her belongings from the premises. We therefore affirm.

## III. Covenant of Good Faith and Fair Dealing

**{7}** Plaintiff contends that the district court erred by concluding that Plaintiff "did not prove by a preponderance of the evidence that . . . Defendants violated [the] covenant of good faith and fair dealing." Reviewing de novo the district court's application of the law to the facts found by the district court, *Jacob v. Spurlin*, 1999-NMCA-049, ¶ 7, 127 N.M. 127, 978 P.2d 334, we affirm.[1]

---

1Although Plaintiff uses the phrase "substantial evidence" once and seems to call into question certain findings by the district court, Plaintiff characterizes the district court's error as legal and identifies our standard of review as de novo. To the extent that Plaintiff intended to raise a substantial evidence

**{8}**     Plaintiff correctly asserts that there is an obligation of good faith in the performance or enforcement of every duty under the UORRA. *See* § 47-8-11. Plaintiff also cites authority applying the common law doctrine of good faith and fair dealing in the commercial leasing context. *See Boss Barbara, Inc. v. Newbill*, 1982-NMSC-005, ¶¶ 9-10, 11, 97 N.M. 239, 638 P.2d 1084 (holding that a commercial landlord breached the covenant of good faith and fair dealing by unreasonably withholding consent to a sublease agreement and explaining that there is no distinction between the implied covenant of good faith in the rental of a dwelling unit and the rental of commercial premises). Even assuming that the UORRA standard of good faith and the common law doctrine are coextensive, as Plaintiff suggests, we see no basis for reversal. Plaintiff argues that Defendants violated the covenant by terminating the rental agreement despite Plaintiff's "full performance of her obligations under the oral rental agreement and the specific understanding [that] she planned to return." But the district court found that Defendants terminated the rental agreement because Plaintiff would not be able to return to the home, and that "Plaintiff knew she could not return to the home and that she understood and acknowledged that the rental agreement needed to be terminated." Based on these findings, we hold that the district court did not err in concluding that Plaintiff failed to prove that Defendants breached the covenant of good faith and fair dealing.

## IV.     IIED

**{9}**     Plaintiff asserts that Defendants' conduct amounted to IIED because, even though Defendants had daily access to the rental unit, they failed to keep it sanitary which resulted in the loss of Plaintiff's personal belongings and cats. Plaintiff has cited no authority whatsoever regarding the tort of IIED, much less authority to support her contention that Defendants' actions amounted to extreme and outrageous conduct under New Mexico law. We therefore reject this assertion of error as unsupported by authority and otherwise undeveloped. *See Curry*, 2014-NMCA-031, ¶ 28; *Hoyt*, 2015-NMCA-108, ¶ 24; *Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

## V.     Finding of Fact 48

**{10}**     Lastly, Plaintiff argues that the district court's finding of fact 48, that "[o]n April 22, 2015[,] the [m]agistrate [c]ourt issued a [w]rit requiring that the property be removed within 20 days," was error because it "casts a completely opposite characterization of the circumstances surrounding the removal of [Plaintiff's] property."

**{11}**     We conclude that Plaintiff failed to properly preserve this argument. "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. In this case, Plaintiff failed to contest this finding before the district court. In support of her contention that the issue was preserved, Plaintiff cites to certain findings of fact and a conclusion of law that she proposed, but the proposed findings and conclusion do not contradict the finding Plaintiff challenges

---

challenge, Plaintiff waived that challenge by failing to include in a summary of proceedings "the substance of the evidence bearing on the proposition." Rule 12-318(A)(3).

on appeal. Nor did Plaintiff challenge the district court's finding in her motion to reconsider.

**{12}** Even if Plaintiff properly preserved this argument, it appears that the district court adopted its finding directly from the magistrate court's order, which states, "[Plaintiff] will be allowed to remove her property being held at the rental premises within the next 20 days." Yet, without elaborating, Plaintiff merely concludes that the district court's finding was a mischaracterization of the circumstances. Absent a specific attack on the district court's finding, we consider it conclusive and argument to the contrary waived. *See* Rule 12-318(A)(4).

**CONCLUSION**

**{13}** We affirm.

**{14} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation, Judge (concurring in result only).**